Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SANDRA I. SÁNCHEZ GARCÍA, VÍCTOR MANUEL SÁNCHEZ GARCÍA, LOUIS ALFREDO SÁNCHEZ GARCÍA Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>ANTHONY SÁNCHEZ GARCÍA, MARK ANTHONY SÁNCHEZ GARCÍA<br><br>Parte Peticionaria | TA2026CE00534 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: GU2025CV00081<br><br>Sala: 605<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a  28 de mayo de 2026.

Comparecen ante *nos* Anthony Sánchez García y Mark Anthony Sánchez García (en conjunto, los peticionarios), por derecho propio y nos solicitan que revisemos una *Orden* emitida y notificada el 21 de abril de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Ponce. Mediante dicho dictamen, el foro primario determinó que los peticionarios debían contratar representación legal.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de epígrafe por falta de jurisdicción.

### **I.**

El 20 de octubre de 2025, Sandra Sánchez García, Víctor Manuel Sánchez García, Louis Alfredo Sánchez García y Joseph Sánchez García (en conjunto, los recurridos) incoaron una *Demanda*

sobre liquidación de comunidad hereditaria en contra de los peticionarios. Posteriormente, el 20 de febrero de 2026, Mark Anthony Sánchez García presentó una *Moción Suplementaria Urgente Solicitando Medidas Provisionales [...]*. El 24 de febrero de 2026, Mark Anthony Sánchez García presentó una *Moción Notificando Comparecencia Pro Se y Solicitando Prórroga*.

Así las cosas, el 27 de febrero de 2026, el TPI emitió una *Orden* mediante la cual le ordenó a Anthony Sánchez García comparecer con representación legal en el término de treinta (30) días. Ese mismo día, el foro primario emitió una segunda *Orden* mediante la cual ordenó a Mark Anthony Sánchez García comparecer mediante representación legal. El 9 de marzo de 2026, Anthony Sánchez García presentó una *Moción por Derecho Propio (Pro Se) y Solicitud de Consideración Especial por Barreras Económicas, Lingüísticas y de Residencia*. De igual forma, el 12 de marzo de 2026, Mark Anthony Sánchez García presentó una *Moción por Derecho Propio (Pro Se) y Solicitud de Consideración Especial por Barreras Económicas, Lingüísticas y de Residencia*.

Luego de varios incidentes procesales, el 26 de marzo de 2026, el TPI emitió una *Orden* mediante la cual ordenó a los peticionarios a comparecer con representación legal en el término final de treinta (30) días y presentar alegación responsiva, so pena de sanciones económicas y procesales, incluyendo la anotación de rebeldía. Acto seguido, el 27 de marzo de 2026, Mark Anthony Sánchez García presentó una *Contestación a la Demanda*.

El 6 de abril de 2026, los peticionarios presentaron una *Moción Conjunta de Reconsideración [...]*. Luego, el 7 de abril de 2026, el TPI emitió una *Resolución* mediante la cual dejó sin efecto la *Orden* del 26 de marzo de 2026, para que los peticionarios comparecieran sin representación legal; en consecuencia, permitió a los peticionarios auto representarse. El 10 de abril de 2026, la

parte recurrida presentó una *Moción de Reconsideración.* En vista de ello, el 20 de abril de 2026, los peticionarios presentaron una *Oposición a Moción de Reconsideración.*

El 21 de abril de 2026, el foro primario emitió una *Orden* mediante la cual dejó sin efecto la *Resolución* del 7 de abril de 2026 y reinstaló la *Orden* para que los peticionarios comparecieran con representación legal. Sostuvo que, la determinación se basa en la complejidad de la controversia que se está ventilando, que los peticionarios no tienen los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable. Razonó, además, que la autodefensa de los peticionarios causará una demora indebida o una interrupción de los procedimientos que se deben realizar en el caso. Asimismo, adujo que, según informaron los peticionarios, estos no dominan el idioma español.

Insatisfechos, el 30 de abril de 2026, los peticionarios comparecieron ante nos mediante un recurso de *certiorari* y alegaron la comisión de los siguientes errores:

**Error Núm. 1 – Violación al Debido Proceso de Ley**

El foro inferior erró al emitir el Documento 53 el 21 de abril de 2026 sin haber considerado la Oposición de los apelantes (Documento 54), la cual había llegado físicamente al tribunal el 20 de abril de 2026 a las 11:32 AM – 26 horas antes de la orden apelada – pero no había sido incorporada al expediente electrónico. El debido proceso de ley garantiza a toda parte el derecho a ser oída antes de que se emita una determinación adversa en su contra. Al emitir la orden sin considerar la oposición de los apelantes, el foro inferior violó este derecho fundamental.

**Error Núm. 2 – Imposibilidad Económica Documentada No Considerada**

El foro inferior erró al no considerar la evidencia documental de imposibilidad económica presentada por los apelantes en el Documento 54.

**Error Núm. 3 – Competencia en Español Demostrada en el Expediente**

El foro inferior erró al concluir que los apelantes no dominan el idioma español, cuando el propio expediente del caso demuestra lo contrario.

**Error Núm. 4 – Competencia Procesal**

El foro inferior erró al concluir que la auto representación de los apelantes causará demoras indebidas, cuando el expediente demuestra exactamente lo contrario.

**Error Núm. 5 – Derecho Constitucional de Acceso a la Justicia**

El foro inferior erró al ordenar representación legal obligatoria cuando la imposibilidad económica de los apelantes es real y documentada. Ordenar representación legal cuando una parte demuestra que genuinamente no puede pagarla equivale a negarlo el acceso a la justicia – un derecho fundamental garantizado por la Constitución del Estado Libre Asociado de Puerto Rico y por la Constitución de los Estados Unidos de América.

Examinado el escrito ante nuestra consideración, el 11 de mayo de 2026, emitimos una *Resolución* mediante la cual concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 17 de mayo de 2025, la parte recurrida presentó un *Escrito Mostrando Causa Para la No Expedición del Certiorari Solicitado*.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30, 218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211

DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles,* 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe

desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC*, *supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

**B. Perfeccionamiento del recurso de *certiorari***

El perfeccionamiento del recurso de *certiorari* está regulado en la Parte IV del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 34 del Reglamento del Tribunal de

Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 54, 215 DPR __ (2025), dispone que:

El escrito de *certiorari* contendrá:

[...]

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a)  En la comparecencia, el nombre de las partes peticionarias.

(b)  Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c)  Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a)  Las alegaciones de las partes, a saber:

      i.    en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

      ii.   en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud

de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de certiorari, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del Apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de certiorari, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y jurisprudenciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". *Íd.*

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo,* Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa

omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

   **C. Incumplimiento con el Reglamento del Tribunal de Apelaciones**

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, dispone que este foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

### III.

En el caso ante nuestra reconsideración, el recurso de *certiorari* presentado por los peticionarios no es revisable. Los peticionarios incumplieron sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, no surge del recurso de *certiorari,* una relación fiel y concisa de todos los hechos

procesales y materiales del caso. Específicamente, de aquellos que dan pie a la *Resolución* recurrida y emitida el 21 de abril de 2026.

De igual forma, los peticionarios omitieron hacer una discusión de los errores señalados y una referencia clara a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de *certiorari*. Además, los peticionarios no incluyeron una discusión basada en fundamentos de hecho y derecho cuestionando la decisión del foro primario.

Así, la ausencia de una discusión basada en fundamentos de hecho y de derecho, nos privan de jurisdicción para atender el recurso. Por consiguiente, ante el incumplimiento con las disposiciones reglamentarias encaminadas al perfeccionamiento del recurso, procede que se desestime el recurso de *certiorari* conforme establece la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, la cual confiere facultad a este Tribunal para iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones